b. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege in lieu of providing documents, they shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the contents of the document, record, or information: and (6) the privilege asserted by Settling Defendant. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

108. No claim of confidentiality shall be made with respect to any data, including, but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, or engineering data, or any other documents or information evidencing conditions at or around the Site.

## XXV. RETENTION OF RECORDS

109. Until 10 years after the Settling Defendants' receipt of EPA's notification pursuant to Paragraph 53 of Section XIV (Certification of Completion), Settling Defendants shall preserve and retain all non-identical copies of records and documents (including records or documents in electronic form) now in its possession or control or which come into its possession or control that relate in any manner to its liability under CERCLA with respect to the Site, together with all documents and records that relate to the liability of any other person under CERCLA with respect to the Site. Settling Defendants must also retain, and instruct their contractors and agents to

79

preserve, for the same period of time specified above all non-identical copies of the last draft or final version of any documents or records (including documents or records in electronic form) now in their possession or control or which come into their possession or control that relate in any manner to the performance of the Work, provided, however, that Settling Defendants (and their contractors and agents) must retain, in addition, copies of all data generated during the performance of the Work and not contained in the aforementioned documents required to be retained. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary. Notwithstanding the above, Settling Defendants may elect to transfer all such records to EPA at any point during the 10 year period upon approval by EPA.

110. At the conclusion of this document retention period, Settling Defendants shall notify the United States and the State at least 90 days prior to the destruction of any such records or documents, and, upon request by the United States or the State, Settling Defendants shall deliver any such records or documents to EPA or the State. The Settling Defendants may assert that certain documents, records and other information are privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Settling Defendants assert such a privilege, they shall provide the Plaintiffs with the following: (1) the title of the document, record, or information; (2) the date of the document, record, or information; (3) the name and title of the author of the document, record, or information; (4) the name and title of each addressee and recipient; (5) a description of the subject of the document, record, or information; and (6) the privilege asserted by Settling Defendants. However, no documents, reports or other information created or generated pursuant to the requirements of the Consent Decree shall be withheld on the grounds that they are privileged.

111. Settling Defendants hereby certify individually that, to the best of their knowledge and belief, after thorough inquiry, they have not altered, mutilated, discarded, destroyed or otherwise disposed of any records, documents or other information (other than identical copies) relating to their potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against them regarding the Site and that they have fully complied with any and all EPA requests for information pursuant to Section 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XXVI. NOTICES AND SUBMISSIONS

112. Whenever, under the terms of this Consent Decree, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, the State, and the Settling Defendants, respectively.

<u>As to the United States:</u>   Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-11-3-655/2

and

        Director, Superfund Division (6SF)
United States Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

**As to EPA:**

        Gary Baumgarten
EPA Remedial Project Manager (6SF-AP)
United States Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

**As to the Regional Cost Recovery Officer:**

        Chief, Cost Recovery Section (6SF-AC)
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

**As to the State:**

        Albert M. Bronson, Esq.
Assistant Attorney General
Office of the Attorney General
State of Texas
P.O. Box 12548
Austin, TX 78711-2548

**As to the TCEQ:**

        Alcoa Project Coordinator
Remediation Division
Texas Commission on Environmental Quality
Technical Park Center
12100 Park 35 Circle, Bldg. D
Austin, TX 78753

<u>As to the Settling Defendants:</u>

Legal Department
Alcoa Inc.
201 Isabella Street
Pittsburgh, PA 15212-5858

Settling Defendants' Project Coordinator
Ronald W. Weddell
Remediation Business Unit Manager
Alcoa Inc.
P.O. Box 101
Point Comfort, Texas 77978

## XXVII. EFFECTIVE DATE

113. The effective date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court, except as otherwise provided herein.

## XXVIII. RETENTION OF JURISDICTION

114. This Court retains jurisdiction over both the subject matter of this Consent Decree and the Settling Defendants for the duration of the performance of the terms and provisions of this Consent Decree for the purpose of enabling any of the Parties to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Decree, or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with Section XIX (Dispute Resolution) hereof.

## XXIX. APPENDICES

115. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the ROD.

"Appendix B" is the SOW.

"Appendix C" is the description and/or map of the Site.

## XXX. COMMUNITY RELATIONS

116. Settling Defendants shall propose to EPA their participation in the community relations plan to be developed by EPA. EPA will determine the appropriate role for the Settling Defendants under the Plan. Settling Defendants shall also cooperate with EPA in providing information regarding the Work to the public. As requested by EPA, Settling Defendants shall participate in the preparation of such information for dissemination to the public and in public meetings which may be held or sponsored by EPA to explain activities at or relating to the Site.

## XXXI. MODIFICATION

117. Schedules specified in this Consent Decree for completion of the Work may be modified by agreement of EPA, after consultation with the TCEQ, and the Settling Defendants. All such modifications shall be made in writing.

118. Except as provided in Paragraph 14 (Modification of the SOW or Related Work Plans), no material modifications shall be made to the SOW without written notification to and written approval of the United States, Settling Defendants, and the Court, if such modifications fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R. § 300.435(c)(2)(B)(ii). Prior to providing its approval to any modification, the United States will provide the State with a reasonable opportunity to review and comment on the proposed modification. Modifications to the SOW that do not materially alter that document, or material modifications to the SOW that do not fundamentally alter the basic features of the selected remedy within the meaning of 40 C.F.R. § 300.435(c)(2)(B)(ii), may be made by written

agreement between EPA, after providing the State with a reasonable opportunity to review and comment on the proposed modification, and the Settling Defendants.

119. Nothing in this Consent Decree shall be deemed to alter the Court's power to enforce, supervise or approve modifications to this Consent Decree.

### XXXII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

120. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. This Consent Decree is also subject to the public participation requirements of notice, an opportunity for a public meeting in the affected area, and a reasonable opportunity for public comment prior to final entry in accordance with Section 7003(d) of RCRA, 42 U.S.C. § 6973(d). The United States and the State shall file with the District Court any written comments received and the United States' and the State's response thereto. The United States and/or the State reserve the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

121. <u>State public comment.</u> The Parties agree and acknowledge that final approval by the State and entry of this Consent Decree is subject to publication of Notice of Settlement in the Texas Register, an opportunity for public comment, and consideration of any comments.

122. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

85

## XXXIII. SIGNATORIES/SERVICE

123. The undersigned representatives of the Settling Defendants, the Assistant Attorney General for the Environment and Natural Resources Division of the Department of Justice, and the Attorney General of the State of Texas certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

124. Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified the Settling Defendants in writing that it no longer supports entry of the Consent Decree.

125. Settling Defendants shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on their behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including, but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the Complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXXIV. TERMINATION OF ADMINISTRATIVE ORDER ON CONSENT

126. In accordance with Section XXVIII of the AOC, "Termination and Satisfaction," Settling Defendant Alcoa Inc. has submitted to EPA written evidence that all activities required under the AOC (In the Matter of Alcoa (Point Comfort)/Lavaca Bay Superfund Site, U.S. EPA CERCLA Docket No. 6-11-94)) have been completed, with an attestation by a responsible

corporate official. EPA is satisfied that all activities required under the AOC have been performed, and approve Settling Defendant Alcoa, Inc.'s certification pursuant to Section XXVIII of the AOC. The AOC will terminate upon the Effective Date of this Consent Decree.

### XXXV. FINAL JUDGMENT

126. This Consent Decree and its appendices constitute the final, complete, and exclusive agreement and understanding among the parties with respect to the settlement embodied in the Consent Decree. The parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree.

127. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between and among the United States and the Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 27th DAY OF February, 2005.

_____
United States District Judge

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States and State of Texas v. Alcoa, Inc. et al., relating to the Alcoa/Lavaca Bay Superfund Site.

**FOR THE UNITED STATES OF AMERICA**

11.30.04
Date

THOMAS L. SANSONETTI
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
Washington, D.C.  20530

Oct. 28, 2004
Date

ELIZABETH A. EDMONDS, Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611
Tel:  (202) 514-1032
Fax:  (202) 514-8395

MICHAEL T. SHELBY
U.S. Attorney
Southern District of Texas

LARRY LUDKA
Assistant United States Attorney
Texas Bar No. 12667500
U.S. Attorney's Office
Southern District of Texas, Corpus Christi
 Division
800 North Shoreline Blvd. #500
Corpus Christi, TX 78476-2001

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and State of Texas v. Alcoa, Inc. et al.</u>, relating to the Alcoa/Lavaca Bay Superfund Site.

FOR U.S. ENVIRONMENTAL PROTECTION AGENCY:

OCT 1 9 2004
Date

RICHARD E. GREENE
Regional Administrator
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202

Oct. 22, 2004
Date

PAMELA J. TRAVIS
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 6
1445 Ross Ave., Suite 1200
Dallas, TX 75202
Tel: (214) 665-8056
Fax: (214) 665-7330

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and State of Texas v. Alcoa, Inc. et al.</u>, relating to the Alcoa/Lavaca Bay Superfund Site.

**FOR THE STATE OF TEXAS:**

> GREG ABBOTT
> Attorney General of Texas
>
> BARRY R. McBEE
> First Assistant Attorney General
>
> EDWARD D. BURBACH
> Deputy Attorney General for Litigation
>
> KAREN W. KORNELL
> Assistant Attorney General
> Chief, Natural Resources Division

9/26/04
Date

> ALBERT M. BRONSON
> Assistant Attorney General
> State Bar No. 03057500
>
> Natural Resources Division
> P.O. Box 12548, Capitol Station
> Austin, TX 78711-2548
> Tel: (512) 463-2012
> Fax: (512) 320-0911

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and State of Texas v. Alcoa, Inc. et al.</u>, relating to the Alcoa/Lavaca Bay Superfund Site.

**FOR ALCOA INC.:**

10/22/04
Date

Signature: _____ RW
Name (print): Bernt Reitan
Title: Vice President
Address: 201 Isabella Street
Pittsburgh, PA 15212

**Agent Authorized to Accept Service on Behalf of Above-signed Party:**

Name (print): Ralph W. Waechter
Title: Remediation Manager
Address: 201 Isabella Street
Pittsburgh, PA 15212

Tel: (412) 553-4259
Fax: (412) 553-4498

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States and State of Texas v. Alcoa, Inc. et al.</u>, relating to the Alcoa/Lavaca Bay Superfund Site.

**FOR ALCOA WORLD ALUMINA L.L.C.:**

10/22/04
Date

Signature: _____
Name (print): John M. Sibly
Title: President
Address: 201 Isabella Street
Pittsburgh, PA 15212

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): Ralph W. Waechter
Title: Remediation Manager
Address: 201 Isabella Street
Pittsburgh, PA 15212

Tel: (412) 553-4259
Fax: (412) 553-4498